UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CITY OF LORAIN,** ) | CASE NO. 1:09cv1049 |
| ) | |
| **Plaintiff,** ) | |
| ) | **JUDGE DAN AARON POLSTER** |
| vs. ) | |
| ) | |
| **UNITED NATIONAL INSURANCE** ) | |
| **COMPANY,** *et al.*, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **Defendants.** ) | |

Before the Court is Defendant United National Insurance Company's Motion to Dismiss or in the alternative to stay this proceeding (*ECF No. 9*).  For the following reasons, Defendant's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART** and the following action is hereby **STAYED**.

**I.**

The facts, as alleged by Plaintiff City of Lorain ("the City"), are as follows. Defendant United National Insurance Company ("United") issued an insurance policy to Plaintiff commencing on December 31, 2002, and ending on December 31, 2003.  *ECF No. 1* at 2, ¶ 2.  The policy covered comprehensive general liability to the City and its employees, including for law enforcement activities and public officials' errors or omissions.  *Id*.  On September 29, 2003, Sarah A. Long filed a complaint in the Lorain County Court of Common

Pleas against the City and former Patrolman Jesus Sanchez.[1]  *Id*. at 3, ¶ 7.  The City delivered a copy of the lawsuit to United with requests for indemnity and reimbursement.  *Id*. at 4, ¶ 11.  United denied the City's requests.  *Id*. at 4, ¶ 14.

On May 6, 2009, the City filed the instant action, seeking a declaratory judgment that it is entitled to indemnification and reimbursement from United, and extra-contractual damages.  The City's first claim for relief alleges that United breached the insurance contract by refusing to reimburse the City for its defense costs and indemnify the City for all losses incurred as a result of the underlying litigation.  The City's second claim for relief alleges that United violated its duty of good faith and fair claims handling by failing to investigate the claims made by Long against the City.  On June 29, 2009, United filed the instant motion to dismiss, which has been fully briefed.

**II.**

United first argues that the policy only contains a duty to indemnify, not a duty to defend.  As support, United points to the plain language of General Policy Condition 7, which provides that "[i]t is understood and agreed that the Company has no duty to investigate, handle, settle or defend any claim, proceeding or suit..."  *ECF No. 1* at 21.[2]

The City counters that the policy is ambiguous and therefore should be construed against the Company, who drafted the agreement.  The City notes that General Policy Condition 7 also states that "[t]his policy of insurance is issued by the Company on the express condition

---

[1]The City removed the case, No. 1:05cv902, *Long v. The City of Lorain*, to this Court on April 6, 2005.

[2]Pin cites refer to the page number of the ECF document, not the policy.

that the Name Assured undertakes, through a written third party claim administrator's agreement, to utilize at all times the services of a third-party claim administrator which has been approved by the Company prior to binding..." *Id*. (emphasis removed from original).  The City argues that the requirement that the City hire a third-party administrator indicates an intent by United to pay for the defense of any covered claim.  The City contends that the provision United relies upon only relieves United from responsibility for actually providing the City's defense but not from the payment of defense arranged by the City through a third party administrator.

Additionally, the City argues that a duty to defend is inferred in the General Policy Exclusions and the specific Comprehensive General Liability Exclusions.  The General Policy Exclusions state that the policy does not insure against "[t]he investigation, defense, loss, or damage including loss of use, caused by the release, discharge or dispersal of Pollutants" and "[a]ny claim, including defense of the same, arising directly or indirectly from any actual or alleged participation in any act of Sexual Abuse or Sexual Harassment of any person by any Assured." *Id*. at 23-24 (emphasis removed from original).  The Comprehensive General Liability Exclusions section states that, in addition to the General Policy Exclusions, the policy does not insure against "[t]he cost of any investigation, disciplinary or criminal proceeding against an individual Assured except that the Company may, at its own option and expense, associate counsel in the defense of any such investigation, disciplinary or criminal proceeding ..." *Id*. at 42 (emphasis removed from original).  The City contends that it would only be necessary to specifically state that the policy does not defend or pay for the cost of defense in certain situations if the policy intended to defend or pay the cost of defense in other circumstances.

Based on the Court's reading of the policy, United is not required to pay for the

-3-

City's defense.  A contractual term is ambiguous as a matter of Ohio law if "the language of the contract is reasonably susceptible of more than one interpretation."  *Comtide Holdings, LLC v. Booth Creek Management Corp.*, No. 08-3767, 2009 WL 1884445 at *2 (6th Cir. July 2, 2009) (*citing Brown v. Columbus All-Breed Training Club*, 789 N.E.2d 648, 653 (Ohio Ct.App. 2003)).  The policy is unambiguous that "the Company has no duty to investigate, handle, settle or defend any claim, proceeding, or suit ...".  The City argues that the duty to defend in this context really signifies the duty to actually provide the defense but does not speak to the duty to pay for the defense.  However, if the City's interpretation were correct, there would be no reason to include a duty to "handle" any claim, proceeding or suit.  Because there is no definition of handle in the policy, handle must be given its ordinary and usual meaning.  *Pure Tech Systems, Inc. v. Mt. Hawley Ins. Co.*, 95 Fed App'x 132, 135 (6th Cir. 2004).  Common definitions of handle are "to have overall responsibility for supervising and directing" and "to act on or perform a required function with regard to." *Merriam-Webster Dictionary*, *available at* http://www.merriam-webster.com.  Thus, the duty to handle is the duty to supervise, direct, act on and/or perform, which is essentially synonymous with the City's interpretation of the duty to defend as the duty to actually provide the defense.  As both "handle" and "defend" are contained in the same sentence and are separated by "or" they must have different definitions.  *See United States v. Hill*, 79 F.3d 1477, 1482-83 (6th Cir. 1996) (finding in statutory contexts "terms joined by disjunctive 'or' must have different meanings otherwise the statute or provision would be redundant.").  Thus, the City's interpretation that the duty to defend only relates to providing the defense is not reasonable.  Moreover, the Company's requirement that the City hire a third-party administrator does not necessarily indicate an intent to pay for the defense.

The City's argument that the specification of exclusions to the policy infers an intent to cover defense payment is also rejected. Under Ohio law, exclusions cannot create coverage where no policy provision creates a duty to defend. *City of Eastlake v. St. Paul Fire and Marine Ins. Co.*, Civ No. 07-1867, 2008 WL 203392 at *5 (N.D. Ohio January 22, 2008). Because the policy explicitly states that no duty to defend exists, the carving out of exclusions by itself does not demonstrate an intent to cover defense payment.

### III.

Defendants also assert that the complaint should be dismissed in its entirety because the City has failed to plead in its complaint that the self-insured retention ("SIR") has been met, a condition precedent to coverage under the policy. As noted by Plaintiff, the complaint alleges that it seeks reimbursement for defense costs "in excess of its self-insured retention under the terms and conditions of the aforesaid policy." *ECF No. 1* at 2, ¶ 4. Such an allegation, seeking reimbursement for an amount in excess of the SIR, implies that the SIR has been met and Defendants' argument must therefore be rejected.

### IV.

Finally, United argues that the complaint should be dismissed because the duty to indemnify is not ripe for adjudication, as liability has not yet been imposed on the City in the underlying litigation. The City does not directly address this argument. The duty to indemnify only arises if liability exists under the policy. Liability under the policy is dependent upon the outcome of *Long v. The City of Lorain*, the underlying litigation. As the outcome of the

underlying litigation has yet to be determined, the duty to indemnify is not ripe for adjudication.[3]  However, as the parties have already expended resources in litigating this matter, dismissing this action, thus necessitating re-filing and potentially duplicating the parties' current efforts, would be extremely wasteful.  Accordingly, this action is stayed pending resolution of the underlying litigation.

**V.**

For the reasons discussed supra, Defendants' Motion to Dismiss (*ECF No. 9*) is **GRANTED IN PART and DENIED IN PART**.  Plaintiff's claims for reimbursement of defense costs are DISMISSED WITH PREJUDICE.  All other claims remaining in this action are hereby **STAYED** pending resolution of Case No: 1:05cv902, *Long v. City of Lorain, et al*.


**IT IS SO ORDERED.**


 /s/Dan Aaron Polster     September 1, 2009
**Dan Aaron Polster**
**United States District Judge**

---

[3]In their briefing, the Parties also dispute whether indemnification is excluded under the policy because the City's liability potentially arises from a sexual abuse or sexual harassment claim.  As Defendants' duty to indemnify is not ripe for adjudication, the Court will not rule on this issue.